UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE ESTATE OF PHILLIP A. MACCHIARELLA, <br><br> Plaintiff, <br><br> vs. <br><br> PENNYMAC LOAN SERVICES, LLC et al., <br><br> Defendants. | Case No.: 3:14-cv-00250-RCJ-WGC <br><br> **ORDER** |

This case arises out of the foreclosure of the deceased's mortgage. Pending before the Court are two Motions to Dismiss (ECF Nos. 2, 6). For the reasons given herein, the Court grants the motions.

**I.    FACTS AND PROCEDURAL HISTORY**

The deceased, Phillip A. Macchiarella, gave lender Argent Mortgage Co. ("Argent") a promissory note (the "Note") for $237,000, secured by a deed of trust (the "DOT") against real property at 2890 Patrice Dr., Sparks, NV 89431 (the "Property"). (*See* DOT 1–4, July 27, 2005, ECF No. 2-1). Town and Country Title Services, Inc. was the trustee, and Mortgage Electronic Registration Services, Inc. ("MERS") does not appear to have been a party to the DOT. (*See id.* 2). Citi Residential Lending, Inc. ("Citi"), as purported attorney-in-fact for Argent, assigned the

Note and DOT to MERS. (*See* Assignment, Dec. 15, 2008, ECF No. 2-2).[1] MERS later assigned the Note and DOT to JPMC Specialty Mortgage, LLC ("JPMC"). (*See* Assignment, May 6, 2013, ECF No. 2-3). JPMC then substituted Cooper Castle Law Firm, LLP ("Cooper Castle") as trustee. (*See* Substitution, Aug. 22, 2013, ECF No. 2-4).[2] Cooper Castle then filed a Notice of Default (the "NOD"), along with the required Affidavit of Authority ("AA"). (*See* NOD & AA, Oct. 28, 2013, ECF No. 2-5). Cooper Castle noticed a trustee's sale for April 25, 2014. (*See* Notice of Sale, Mar. 7, 2014, ECF No. 2-6). The Deputy Director of the State of Nevada Foreclosure Mediation program confirmed that the Property was not eligible for mediation. (*See* FMP Certificate, Mar. 24, 2014, ECF No. 2-8). Before the sale, JPMC assigned the Note and DOT to PennyMac Corp. (*See* Assignment, Apr. 4, 2014, ECF No. 2-7).

Mr. Macchiarella's Estate (the "Estate") sued Cooper Castle, JP Morgan Chase Bank, N.A., JPMC, and PennyMac Loan Services, Inc. ("PennyMac") in state court for statutorily defective foreclosure, seeking injunctive relief. PennyMac removed, the other Defendants consented to removal, and PennyMac and The Castle Law Firm, LLC ("Castle"), formerly known as Cooper Castle, have separately moved to dismiss for failure to state a claim.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule

---

[1] Whereas MERS is normally the beneficiary of a deed of trust, here it is actually the assignee of the beneficial interest in the Note itself, as well as the DOT.
[2] The Substitution became effective when recorded on August 27, 2013. *See* Nev. Rev. Stat. § 107.028(4) (2011).

12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  In other words, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must plead the facts of his own case so that the court can determine whether the plaintiff has any plausible basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents

whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## III.     ANALYSIS

Plaintiff does not allege a lack of default but only statutory impropriety in the foreclosure proceedings. The Court can find only one potential defect in the foreclosure. That is, there is no evidence that Citi was Argent's attorney-in-fact when Citi purported to assign the Note and DOT to MERS in December 2008 apart from Citi's own claim of agency on the relevant document. Where this is the case, the Court will not typically dismiss. However, Plaintiff has failed to timely oppose the motions, which constitutes consent to their grant. *See* Local R. 7-2(d).

///

///

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 2, 6) are GRANTED and any injunctions in place against the sale of the Property are LIFTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 16th day of June, 2014.

_____
ROBERT C. JONES
United States District Judge